**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| I.A.A.M., | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO.: 7:26-CV-068 (WLS-ALS) |
| v. | : | |
| | : | |
| Warden, IRWIN COUNTY | : | |
| DETENTION CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## <u>ORDER</u>

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Doc. 1). The Court may apply Rule 4 of the Rules Governing § 2254 cases in this action. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which addresses petitions under 28 U.S.C. § 2254]."). Under Rule 4, if a petition is not dismissed on preliminary review, then "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." § 2254 Rule 4. Applying Rule 4, the Court issues the following order.

At first blush, this case appears to involve the same issues raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). In those cases, the Court concluded that for noncitizens "who are found in the country unlawfully and are arrested" without having been inspected by an examining immigration officer, then "an immigration officer or immigration judge has the discretion" under 8 U.S.C. § 1226(a) to grant them release on bond unless a statutory exception applies under 8 U.S.C. § 1226(c). *J.A.M.*, 2025 WL 3050094, at *3; *P.R.S.*, 2025 WL 3269947, at *1-*2. Mandatory detention under 8 U.S.C. § 1225(b)(2) "is not authorized" in such cases. *P.R.S.*, 2025 WL 3269947, at *2. Further, the Eleventh Circuit recently clarified in *Hernandez Alvarez*, that "[t]he INA's text confirms that

1

the two relevant sections on detention govern distinct classes of aliens: § 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026).

However, Petitioner's factual situation is distinct from *J.A.M.* and *P.R.S.* In neither *J.A.M.* nor *P.R.S.* did the court order a bond hearing for a Petitioner who was inspected by an examining immigration officer upon entry. *P.R.S.*, 2025 WL 3269947, at *1; *J.A.M.*, 2025 WL 3050094, at *3. Here, Petitioner was inspected and paroled upon entry to the United States. (Doc. 8 at 2). Therefore, the Court must decide whether Petitioner's initial inspection changes the outcome.

It does not. The Government argues Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). (Doc. 5 at 3). Section 1225(b)(2)(A) provides, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C.A. § 1225(b)(2)(A). For § 1225(b)(2)(A) to apply, Petitioner must both be an "applicant for admission" and "seeking admission."

"[A]n 'alien who is an applicant for admission' means one who is 'arriving' or just 'present in' the country without admission." *Hernandez Alvarez*, 2026 WL 1243395, at *6. Petitioner is present in the country without admission. (Doc. 1 ¶¶ 31–32). Therefore, Petitioner is an applicant for admission.

"[T]he act of seeking admission constitutes the pursuit of 'lawful entry . . . after inspection and authorization by an immigration officer.'" *Hernandez Alvarez*, 2026 WL 1243395, at *7. Petitioner was detained while driving to work on a freeway in North Carolina. (Doc. 1 ¶ 32). In *Hernandez Alvarez*, the Eleventh Circuit noted, "Petitioners were not applying for entry in any literal sense when they were detained following a traffic stop, nor were they taking any cognizable step to obtain the rights and privileges of lawful entry." *Hernandez Alvarez*, 2026 WL 1243395, at *8. The facts of this case are fundamentally similar to *Hernandez Alvarez*. Petitioner was driving his car when he was stopped and detained. He was not actively

2

pursuing the rights and privileges of lawful entry. Therefore, he was not an "alien seeking admission" under § 1225(b)(2)(A).

Based upon the rationale of *J.A.M.* and *P.R.S.*, as expanded by *Hernandez Lopez*, Respondents in this action are hereby **ORDERED** to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. Respondents shall provide this bond hearing within seven days of today's order. The bond hearing shall comport with all requirements of due process, including the requirement that the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk. *See J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020). Once a bond hearing is provided, Petitioner will have received the remedy that the Court is authorized to order, and Petitioner should file a notice of dismissal.

**SO ORDERED**, this 13th day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3