**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| I.A.A.M., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 7:26-CV-068 (WLS-CHW) |
| | : | |
| Warden, IRWIN COUNTY | : | |
| DETENTION CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |
| | : | |

## ORDER

On May 13, 2026, the Court ordered Respondents "to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations" by no later than May 20, 2026. (Doc. 9). Instead, Petitioner alleges Immigration Judge Amy Fairchild Haer found Petitioner categorically "not eligible for bond" as an arriving alien under 8 C.F.R. § 1003.19 (Doc. 11-3 at 3). The Government previously argued that 8 C.F.R. § 1003.19 applied (Doc. 5 at 8) and the Court did not directly consider that argument fully on the merits when it found mandatory detention inapplicable. (Doc. 9 at 2).

Counsel for Respondents are therefore **ORDERED** to respond to Petitioner's Motion to Enforce Court Order, to Show Cause, and for Interim Enforcement Relief (Doc. 11) by no later than **Friday, June 5, 2026.** In their Response, Respondents should specifically answer whether IJ Haer's application of 8 C.F.R. § 1003.19(h)(1)(i)(B) constitutes the valid use of an "applicable regulation" pursuant to the Court's previous Order (Doc. 9), supported by citation to legal precedent. If Petitioner wishes to reply, he shall have **seven days after the entry of Respondents' Response** to do so.

**SO ORDERED**, this 2nd day of June 2026.

/s/ **W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

1