**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| I.A.A.M., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 7:26-CV-068 (WLS-CHW) |
| | : | |
| Warden, IRWIN COUNTY | : | |
| DETENTION CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**ORDER**

Petitioner moves to Enforce Court Order, to Show Cause, and for Interim Enforcement Relief (Doc. 11) ("the Motion"). On May 13, 2026, the Court ordered Respondent "to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations" by no later than May 20, 2026. (Doc. 9). Instead, Petitioner alleges Immigration Judge Amy Fairchild Haer found Petitioner categorically "not eligible for bond" as an arriving alien under 8 C.F.R. § 1003.19 (Doc. 11-3 at 3). The Court Ordered Respondent to respond to the Motion (Doc. 12) and Respondent did so the next day. (Doc. 13). Respondent "concedes and acknowledges that Petitioner is entitled to a bond hearing without any jurisdictional impediments, as decided by this Court in its May 13, 2026, Order" and that "the hearing Petitioner received on May 20, 2026 . . . did not comply with that Order." (*Id.* at 1). However, Respondent sought to remedy the issue "within fifteen minutes of learning of [it]" by calling counsel for DHS and notifying them a new bond hearing would need to be scheduled." (*Id.*) Indeed, Petitioner received a compliant bond hearing on June 5, 2026. (Doc. 14 at 3). Yet Petitioner still requests the Court issue a "Finding of Contempt" and award sanctions in the form of attorney fees. (*Id.* at 10).

Contempt may serve two purposes: "It can be either coercive, which is intended to make the recalcitrant party comply, or compensatory, which reimburses the injured party for the losses and expenses incurred because of his adversary's noncompliance." *Sizzler Fam. Steak Houses v. W.*

1

*Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1534 (11th Cir. 1986) (citation modified). The first use is mooted by Respondent's compliance. (Doc. 14 at 3). Regarding the second use of contempt, "an award of attorney fees to the injured party in a civil contempt case is within the district court's discretion." *Id.* "A district court has wide discretion in fashioning a remedy for civil contempt." *Sec. & Exch. Comm'n v. Monterosso*, No. 07-61693-CIV, 2015 WL 13239831, at *2 (S.D. Fla. Nov. 6, 2015) (citing *F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013)). Respondent was diligent, acting within a matter of minutes to cure their failure to comply with the Court's Order. And Respondent has committed to making "[a]ll reasonable efforts . . . to avoid problems such as the incorrect jurisdictional ruling at issue here." (Doc. 13 at 3). Because of Respondent's diligence in curing the error and commitment to prevent future errors, the Court will now exercise its discretion in finding contempt and an associated remedy inappropriate. Respondent is advised that any future repetition of the error at issue in this case may result in a finding of contempt and issuance of appropriate remedies.

For the reasons discussed above, Petitioner's request that Respondent be held in contempt (Docs. 11 & 14) is **DENIED**. Because Respondent has now complied with the Court's Order (Doc. 9), Petitioner's Motion to Enforce Court Order, to Show Cause, and for Interim Enforcement Relief (Doc. 11) is **DENIED-AS-MOOT**.

**SO ORDERED**, this 16th day of June 2026.

> **/s/ W. Louis Sands**
> **W. LOUIS SANDS, SR. JUDGE**
> **UNITED STATES DISTRICT COURT**